[No. 1656. Decided July 10, 1895.]

A. R. NICOL, *Respondent*, v. SKAGIT BOOM COMPANY *t al., Appellants.*

APPEAL FROM ORDER CONFIRMING RECEIVER'S SALE — WHEN MUST BE TAKEN — WHO ENTITLED TO APPEAL.

An appeal from an order made upon the hearing of exceptions to a receiver's report of the sale of property by him, must, under Laws 1893, p. 120, § 3, be made within five days after the entry of the order, otherwise the appeal will be ineffectual.

An appeal from an order refusing to vacate the confirmation of a sale made by a receiver cannot be taken by those who were parties to the hearing at the time the order confirming the sale was made, and who neglected to appeal in time from such original order.

One who is not an active party to proceedings had in the lower court is not entitled to an appeal from any decision rendered therein.

*Appeal from Superior Court, Skagit County.*

C. K. *Bonnestel,* and W. H. *Pratt* (*Richard Saxe Jones*, of counsel), for appellants.

C. *Van Horn, Million & Houser,* and *Johnson Nickeus*, for respondent.

The opinion of the court was delivered by

Hoyt, C. J.—One of the defendants, as receiver of the Skagit Boom Company, made a sale under order of the court of the property of said company.  To his report of such sale exceptions were filed on the part of the Skagit Boom Company and E. T. Dunning, two of the defendants.  Such exceptions together with a motion for confirmation of the sale were heard on the 20th day of June, 1894, and at the time of such hearing an order was made overruling the exceptions and confirming the sale.  This order was entered on the 23d day of June, 1894.  Thereafter a motion was filed on behalf of said defendants, the Skagit Boom Company and E. T. Dunning, to vacate the order of confirmation.  This motion was heard on the 2d day of July, 1894, and at the time of such hearing an order was made denying the motion, which was duly entered on the 6th day of July, 1894.  On the 7th day of July, 1894, the defendants, the Skagit Boom Company and E. C. Foltz, gave notice of an appeal to the supreme court from the order confirming the sale and also from the order denying the motion to vacate said order of confirmation, and on the the 10th day of July, 1894, the defendants, E. T. Dunning and Edward S. Alexander, as receiver of the Skagit Boom Company, filed a notice that they joined in said appeal.

Upon the record showing these facts, it is urged on the part of the respondent that the orders appealed from must be affirmed without regard to the question as to whether or not they were rightly made, for the reason that none of the appellants are in a situation to take advantage of the error of the court in making them, if error was committed.

With this contention we feel compelled to agree. The order confirming the sale was made at the time of

the hearing, and, under the provisions of § 3 of the act of 1893 (Laws, p. 120) as to appeals, could only be appealed from within five days after its entry, and as it was entered on the 23d day of June and the attempt to appeal therefrom was not until July 7th, such attempt was ineffectual. The appeal from the order refusing to vacate the confirmation of sale was in time, but as to the appellants who were parties to the hearing at the time the order confirming the sale was made, an appeal therefrom could not, bring up any question as to the making of such order. By their motion to vacate it, they only sought to have the court re-hear the same question upon which the former hearing had been had at the time such order was made; and it is familiar law that one who is in a situation to protect his rights by an appeal from a judgment or order, must so protect them, and cannot by way of a motion seek to revive the same questions and from a decision in reference thereto seek relief by appeal. The only remedy of the appellants who were parties to the hearing at the time the order of confirmation was made, was by an appeal from that order, and not having taken it they are without remedy.

The only other appellant making any claim to relief is E. C. Foltz, but he was an active party to neither the hearing upon motion for confirmation, nor to the one upon the motion to vacate the order then made. So far as he was concerned the order of confirmation was made without objection and no appeal having been prosecuted therefrom, it became final until set aside by some proper proceeding in the trial court; and until he has set on foot some such proceeding and has obtained the decision of that court thereon, there is nothing in its proceedings to which he has been such

a party, as to entitle him to prosecute an appeal from the decision of that court therein.

Other reasons might be suggested why these appeals cannot be sustained, but it is unnecessary to refer to them, since what we have said shows that there is nothing in the record which authorizes this court to grant any relief.

The orders appealed from must be affirmed.

ANDERS, SCOTT and GORDON, JJ., concur.

DUNBAR, J., dissents.